[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10957
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20537-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RAFAEL MARTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 1, 2014)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Jose Marte appeals his sentence of 97 months of imprisonment that was imposed after he pleaded guilty to possessing with intent to distribute 11 grams of 3,4-methylenedioxy-N-methylcathinone (methylone). 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. Marte argues that the district court clearly erred in determining the base offense level for his offense. We affirm.

Methylone is a Schedule I drug, 21 C.F.R. § 1308.11(d)(47), but it is not included in the Sentencing Guidelines' drug quantity table, *see* United States Sentencing Guidelines Manual § 2D1.1(c) (Nov. 2013). As a result, the base offense level for methylone is computed using the marijuana equivalency of the most closely related controlled substance that is listed in section 2D1.1(c). *Id.* cmt. n.6. To determine what controlled substance in the drug table is most closely related, the district court is required, "to the extent practicable, to consider" three kinds of information: (1) "[w]hether the controlled substance not [listed] . . . has a chemical structure that is substantially similar to a controlled substance referenced in" section 2D1.1(c); (2) "[w]hether the controlled substance not [listed] . . . has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to . . . [the] effect[s] . . . of a controlled substance referenced in" section 2D1.1(c); and (3) "[w]hether a lesser or greater quantity of the controlled substance not [listed] . . . is needed to produce a substantially similar

2

effect on the central nervous system as a controlled substance referenced in"

section 2D1.1(c). *Id.*

The district court did not clearly err in finding that methylone was most closely related to MDMA for purposes of determining Marte's base offense level. Undisputed testimony from Dr. Cassandra Prioleau, a pharmacologist for the Drug Enforcement Agency, established that the Agency used a widely accepted methodology to determine that methylone is "most related" to MDMA; methylone, like MDMA, acts as a stimulant on the central nervous system; and methylone is half as potent as MDMA. The district court was entitled to find that methylone was most closely related to MDMA based on the shared characteristics of the two controlled substances. Because one gram of MDMA is equivalent to 500 grams of marijuana, the district court reasonably determined that one gram of methylone was equivalent to 250 grams of marijuana and then applied that ratio to calculate Marte's base offense level.

Marte challenges the decision on two grounds, both of which fail. First, Marte argues that the government failed to prove that methylone has a chemical structure that is substantially similar to MDMA, but Prioleau explained that the Agency determined the relationship between methylone and MDMA by "evaluat[ing] . . . chemical structure." In any event, the commentary to section 2D1.1 does not impose a duty on the government to produce evidence about every

3

feature of a controlled substance; instead, it instructs the district court to consider the features "to the extent practicable." U.S.S.G. § 2D1.1 cmt. n.6. Second, Marte argues that methylone should be treated as a Schedule I or II depressant that has a more favorable 1:1 ratio to marijuana, but the substance is classified in the regulations as a Schedule I hallucinogenic, 21 C.F.R. § 1308.11(d)(47).

We **AFFIRM** Marte's sentence.